# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:                                                    Case No. 11-13905

Edgar Julian Dietrich,                                    HONORABLE ARTHUR J. TARNOW
                                                          SENIOR UNITED STATES DISTRICT
        Debtor.                                            JUDGE

_____/

### ORDER AFFIRMING SANCTIONS ORDER

Now before the Court is an appeal of Bankruptcy Judge Steven Rhodes' August 1, 2011 Order Granting Motion for Sanctions for Violation of 11 U.S.C. § 362. That order was entered in Adversary Proceeding No. 08-68294.

Appellant filed a Notice of Appeal [1] on September 8, 2011 and Brief [4] on September 19, 2011. Appellee filed a Response [8] on October 24, 2011. Appellant filed a Reply [9] on November 1, 2011. Appellant argues that the Bankruptcy Judge's Order should be reversed for five reasons, all of which are without merit.

"The bankruptcy court's findings of fact are reviewed for clear error, and questions of law are reviewed de novo." *In re 5900 Assocs, Inc.*, 468 F.3d 326, 329 (6th Cir. 2006).

First, Dietrich argues that the Bankruptcy Judge's sanctions order should be reversed because Tiernan lacked standing to assert a violation of the automatic stay under 11 U.S.C. § 362. The Court disagrees.

Title 11 U.S.C. § 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

In accordance with the Bankruptcy Judge's Order, the Court is unwilling to ignore the plain

language of the statute. Here, all parties involved in the case were subject to the automatic stay. A party injured by a willful violation of the stay is permitted to recover damages. Tiernan was injured by Dietrich's willful violation of the stay. Tiernan had standing. The Bankruptcy Judge's decision as to standing is, therefore, affirmed for the reasons stated in the sanctions order.

Second, Dietrich argues that the Bankruptcy Judge had no authority to sanction him for violating the stay. The Court disagrees.

Section 362(a), having to do with the automatic stay provision, applies to "all entities" and stays the "continuation . . . of a judicial . . . action or proceeding against the debtor." 11 U.S.C. § 362(a)(1).

Dietrich argues that his filings in the Michigan Court of Appeals and the Michigan Supreme Court cannot constitute a violation of the stay because he was a defendant and was not bringing affirmative claims. Dietrich cites no legal authority to support his conclusion. Dietrich fails to acknowledge that his filings in the Michigan Court of Appeals and the Michigan Supreme Court were a continuation of a judicial proceeding, which is prohibited once the stay is in effect. The Bankruptcy Judge had authority to sanction Dietrich.

Dietrich raises another argument challenging the Bankruptcy Judge's authority to sanction him. Dietrich argues that since the automatic stay only applies to property that his violation is a use of a right to appeal, which is not "property" within the meaning of the automatic stay. Appellant's Br. [4], at 13. As Respondent notes, Deitrich argued the exact opposite in the court below. Deitrich may not raise this argument for the first time on appeal.

Third, Dietrich argues that the Bankruptcy Judge had no authority to impose sanctions because the violation of the stay was related to a property that is located in Ontario, Canada. Appellant's Br. [4], at 14. This argument is without merit.

As the Bankruptcy Judge noted, section 362(a)(3) bars "any act to obtain possession of

property of the estate or of property from the estate or to exercise control over property of the estate." The property in question, in Ontario, has been deemed part of the bankruptcy estate. Proper jurisdiction was exercised over the parties and the bankruptcy proceeding. The Bankruptcy Judge was well within his authority under the statute to impose sanctions for Dietrich's actions that were in violation of the stay, no matter where the violation occurred.

Fourth, Dietrich argues that the stay was no longer in effect following the Bankruptcy Judge's denial of a discharge. Appellant's Br. [4], at 16. Title 11 U.S.C. § 362(c) states:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section–
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; or
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied; . . . .

11 U.S.C. § 362(c).

Dietrich relies on section 362(c)(2)(C) and ignores the language of section 362(c)(1). Here, the Ontario property is property of the estate. Therefore, by the plain language of § 362(c)(1), the stay is and has been in effect since the property was deemed part of the estate.

Fifth, Dietrich argues that his actions do not constitute a willful violation to warrant sanctions. Appellant's Br. [4], at 17. The Court disagrees and affirms the Bankruptcy Court's Order for the reasons stated by the Bankruptcy Judge.

Dietrich offers no grounds in his appeal warranting reversal of the sanctions order of the

4

Bankruptcy Court.  The sanctions order, therefore, is **AFFIRMED**.

    **SO ORDERED**.

                                         S/Arthur J. Tarnow
                                         Arthur J. Tarnow
                                         Senior United States District Judge

Dated: May 21, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 21, 2012, by electronic and/or ordinary mail.

                                         S/Catherine A. Pickles
                                         Judicial Assistant